RECEIVED
USDC CLERK, CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA    2006 OCT -3 A 7: 33

| | |
|---|---|
| **Jeffrey Dan Williams**, #08119-062, | ) **CA No. 2:06-2647-HFF-RSC** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Dr. NFN Smith, Dentist; and | ) |
| United States of America, | ) |
| | ) |
| Defendants. | ) |

This is a civil rights action filed *pro se* by a federal prison inmate.[1]  Plaintiff is

currently incarcerated at FCI-Bennettsville Medium.  In the Complaint filed in this

case, Plaintiff alleges that he has been denied dental care for periodontitis and has

been required to suffer pain from the untreated condition.  He further alleges that

when he pursued a Bureau of Prisons' Administrative Remedy process with regard

to his desire to receive additional dental care, he was roughly examined and his

gums prodded by Defendant Smith without the aid of anesthetic.[2]  Plaintiff claims

that Defendant Smith's behavior during this incident was designed to cause Plaintiff

excessive pain in retaliation for Plaintiff's pursuit of the administrative remedy

seeking additional dental care.  He seeks injunctive relief and compensatory and

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Although his exhibits show completion of the administrative remedy process with respect to the requested additional dental care, Plaintiff did not submit any documents or make any allegations in his Complaint showing that he completed an administrative remedy process with respect to Defendant Smith's alleged retaliation.

punitive damages from both Dr. Smith and the United States of America.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this

case is subject to summary dismissal under the provisions of 28 U.S.C. §

1915(e)(2)(B).

## Discussion

Initially, since this case appears to have been filed solely pursuant to the

Bivens doctrine,[3] the United States of America should be dismissed from this case

under the doctrine of sovereign immunity. The United States cannot be sued without

its express consent, and express consent is a prerequisite to a suit against the

United States. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United

States has not consented to suit *except* under the Federal Tort Claims Act, which is

not pled in this case, and the bar of sovereign immunity cannot be avoided by

naming officers or employees of the United States as defendants in the case. *See*

Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf.* Hawaii v. Gordon,

373 U.S. 57, 58 (1963).

A suit under the Federal Tort Claims Act (FTCA) lies only against the United

States, and a federal district court lacks subject-matter jurisdiction over claims

asserted against federal agencies or individual federal employees under that Act.

Myers & Myers, Inc. v. United States Postal Serv., 527 F.2d 1252, 1256 (2d Cir.

---

[3]*See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n. 30 (1982). Case law involving section 1983 claims is applicable in Bivens actions and *vice versa*. *See* Farmer v. Brennan, 511 U.S. 825 (1994); *see also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-23 & n. 5 (4th Cir. 1988); Tarantino v. Baker, 825 F.2d 772, 773-75 & n. 2 (4th Cir. 1987).

1975).  Although the FTCA waives the sovereign immunity of the United States in

certain situations, litigants must strictly comply with the requirements of the FTCA,

including exhaustion of administrative remedies as required by the Act.  *See* 28

U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979).    For

example, an administrative claim must first be filed with the appropriate federal

agency before commencement of a civil action in a federal district court under the

FTCA.  Such administrative claims must be filed on a Standard Form 95, which is

promulgated by the United States Department of Justice.

As stated above, Plaintiff has not asserted that this case contains any FTCA

claim, nor do the facts alleged support such a claim even if one were liberally

construed as being present.  Plaintiff claims medical indifference in this case, while

the FTCA is generally involved where medical/dental negligence (malpractice) is

alleged.  Furthermore, there is no indication that Plaintiff has timely submitted a

claim about the alleged lack of dental care or about Dr. Smith's allegedly rough

treatment and inadequate care on the Standard Form 95 to the Bureau of Prisons.[4]

Accordingly, since the United States of America would only be a proper defendant

in a FTCA case, and since the Complaint in this case does not present a viable

FTCA claim, the Complaint should be dismissed as to Defendant United States of

America as it is frivolous and fails to state a claim on which relief may be granted as

---

[4] The administrative claim must be submitted in writing within two (2) years after the claim accrues.  28 U.S.C. § 2401(b).

4

to this Defendant.

Second, Plaintiff's Complaint fails to state a viable <u>Bivens</u> claim against Defendant Smith for medical indifference.   As a result, to the extent that it seeks damages for alleged constitutional violations in connection with the nature and extent of Plaintiff's dental care, it is subject to summary dismissal for failure to state a claim on which relief can be granted.   The case law governing claims under 42 U.S.C. § 1983 (constitutional violations by state officials) is applicable in <u>Bivens</u> actions and *vice versa*. With respect to medical and health needs, a prisoner must show deliberate indifference to a serious need in order o state a viable claim for damages. <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. <u>Grayson v. Peed</u>, 195 F. 3d 692 (4th Cir. 1999); <u>Shakka v. Smith</u>, 71 F. 3d 162 (4th Circ. 1995); <u>Davis v. Hall</u>, 992 F. 2d 151 (8th Cir. 1993); <u>Hill v. Nicodemus</u>, 979 F. 2d 987 (4th Circ. 1992); <u>Gray v. Spillman</u>, 925 F. 2d 90 (4th Cir.1991); <u>Belcher v. Oliver</u>, 898 F.2d 32 (4th Cir. 1990).

At the threshold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. <u>Shakka v. Smith</u>; *see also* <u>Strickler v. Waters</u>, 989 F. 2d 1375 (1993).  Additionally, deliberate indifference involves a subjective component which the Supreme Court has termed a "sufficiently

culpable state of mind" on the part of the defendants. <u>Wilson</u>; <u>Johnson v. Quinones</u>, 145 F. 3d 164 (4th Cir. 1998). The Supreme Court in <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." <u>Jackson v. Fair</u>, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf.* <u>Whitley v. Albers</u>, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. <u>Brown v. Thompson</u>, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

The facts alleged by Plaintiff himself show that Defendant Smith has not been deliberately indifferent to Plaintiff's dental needs. Although Plaintiff would prefer to have his teeth/gums cleaned and treated at a time chosen by Plaintiff, his own Complaint and the exhibits thereto show that he has been examined and diagnosed by a BOP dental care provider, and, when required, has been provided both antibiotics and pain medications for maintenance of his condition until the non-emergency treatment he desires can be provided. Plaintiff was also told to sign up on the waiting list for the cleaning he desires, and was told what period of time the

6

wait would take. The BOP has specifically informed Plaintiff of its dental-care regulations and of its ability to provide non-emergency dental care within the limited resources of the agency. While Plaintiff obviously desires to be placed at the top of waiting list for such care, failure of Defendant Smith or BOP officials to take such action does not constitute medical indifference. In Lamb v. Maschner, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

Lamb v. Maschner, 633 F. Supp. at 353; *see* Walker v. Peters, 863 F. Supp. 671 (N.D. Ill.1994)(under Farmer v. Brennan, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

Finally, to the extent that Plaintiff's Complaint seeks damages from Defendant Smith for alleged retaliatory mistreatment, it is subject to summary dismissal for lack of administrative exhaustion as required by 42 U.S.C. § 1997e. *See* Woodford v. Ngo, 126 S.Ct. 2378, 2006 WL 1698937 (June 22, 2006); Porter v. Nussle, 534

U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). In enacting the Prison Litigation Reform Act of 1996[5] (the "PLRA"), through 42 U.S.C. § 1997e, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. Accordingly, before Plaintiff may proceed with any claim against any defendant in this Court, he must first exhaust his administrative remedies as to that specific claim and as to that specific defendant. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-90 (10th Cir. 2004). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint, as here, *sua sponte* dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Correctional Health Services, Inc, 407 F. 3d 674, 683 (4th Cir. 2005).

In order to exhaust his remedies, Plaintiff must follow the steps in the BOP administrative review system, which are set out at 28 C.F.R. § 542 *et seq.* It is clear that he understands this process because he fully completed with respect to his medical indifference claim. Under BOP regulations, an inmate must first complete an informal resolution of his complaint. *See* id. § 542.13. The regulations permit an inmate to then "seek formal review [from the Warden] of an issue which relates to any aspect of [his] confinement." Id. § 542.10; *see* id. § 542.14. An inmate who is not satisfied with the Warden's response may appeal to the BOP's

---

[5]Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

Regional Director. *See* <u>id.</u> § 542.15(a). "Finally, the inmate may appeal his case

to the General Counsel in the Central Office of the Bureau of Prisons, which is the

'final administrative appeal.'" <u>Garrett v. Hawk</u>, 127 F.3d 1263, 1266 (4th Cir. 1997)

(quoting 28 C.F.R. § 542.15(a)). There are specific time limits applicable to each

step of the process, and these time limits make it clear that Plaintiff could not have

completed the entire process with respect to the alleged misconduct of Defendant

Smith that occurred sometime around the "August 15, 2006" issuance of BOP's final

response to Plaintiff's medical indifference claim, Complaint, at 5, before he filed

this case a little over one month later. As result, the lack of exhaustion is clear from

the face of the Complaint, and the retaliation claim against Defendant Smith should

be dismissed *sua sponte* for lack of exhaustion. Since this retaliation claim

constitutes the final claim in the pleading, the Complaint should be dismissed in its

entirety.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint

in this case *without prejudice* and without issuance and service of process. *See*

<u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998

F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712

F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as

possible after docketing, district courts should review prisoner cases to determine

whether they are subject to summary dismissal). Plaintiff's attention is directed to

9

the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

September  1 , 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**