

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JEFFREY DAN WILLIAMS, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 2:06-2647-HFF-RSC |
| | § |
| DR. WILLIAM SMITH, Dentist, and | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING THE CASE**

**I.     INTRODUCTION**

This is a civil rights case. Plaintiff is proceeding pro se. This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) suggesting that this case be dismissed, *without prejudice*, and without issuance and service of process. The Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 3, 2006, and the Clerk entered Plaintiff's objections on October 12, 2006.  The Court has reviewed Plaintiff's objections, but finds them to be without merit.

## II.     DISCUSSION

### A.     Claims under the Federal Tort Claims Act

First, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's claims against the United States were not filed under the Federal Tort Claims Act (FTCA).  Plaintiff indicates that the form used for pro se complaints fails to provide a space for a jurisdiction statement.  Plaintiff has attached letters to his objections,[1] evidencing his intention to file a tort claim, and believes "it can be reasonably assumed that Dr. Smith is being sued under § 1331 and Bivens, and the United States is being sued under the Federal Tort Claims Act (FTCA), which includes a waiver of sovereign immunity."  (Pl.'s Objs. 4.)

This Court will liberally construe Plaintiff's Complaint as containing four separate causes of action: the first two against the United States under the FTCA and the last two against Dr. Smith under *Bivens*.[2]  The first claim against each Defendant concerns the alleged denial of dental care, and the second claim against each Defendant concerns the alleged retaliatory mistreatment.

---

[1] Although these letters were not attached to Plaintiff's Complaint, 28 U.S.C. § 636(b)(1) provides that a district judge may receive further evidence when reviewing the recommendation of a magistrate judge.

[2] The Supreme Court, in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), created a "damages remedy designed to vindicate violations of constitutional rights by federal actors."  *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000).

2

The Magistrate Judge noted that Plaintiff failed to exhaust administrative remedies under the FTCA by not submitting his claim on a Standard Form 95 to the Bureau of Prisons (BOP). Along with his objections, Plaintiff has provided a copy of the Form 95 he submitted, which claims that the BOP has shown deliberate indifference and reckless disregard to Plaintiff's serious medical needs. This form was submitted to the BOP before Plaintiff's dental visit and, thus, cannot be used to support his claim under the FTCA for the alleged retaliatory mistreatment during that visit. Therefore, the Court will dismiss Plaintiff's claim under the FTCA for retaliatory mistreatment because Plaintiff failed to exhaust administrative remedies.

Although Plaintiff has submitted evidence to prove that he exhausted administrative remedies for his claim concerning the alleged denial of dental care, Plaintiff has failed to establish that the prison employees were negligent.[3] The FTCA directs the Court to look to the law of the state where the act or omission occurred to determine whether a complaint in negligence warrants relief. *United States v. Muniz*, 374 U.S. 150 (1963).

In this case, South Carolina law provides the appropriate standards for medical malpractice. The burden of proof of negligence, proximate cause, and injury in a medical malpractice case is on the plaintiff. To establish liability in a medical malpractice case, a plaintiff must prove, by a preponderance of the evidence: 1) the generally recognized practices and procedures which would be exercised by competent practitioners in a defendant doctor's field of medicine under the same or similar circumstances; 2) that the defendant doctor negligently deviated or departed from the

---

[3]The FTCA does not create new causes of action, but "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). As noted by the Magistrate Judge, the FTCA is generally involved in claims where medical/dental negligence (malpractice) is alleged.

recognized and generally accepted standards, practices and procedures; 3) that such negligent deviation from the generally accepted standards, practices and procedures was a proximate cause of the plaintiff's injury; and 4) that the plaintiff was injured. *Cox v. Lund*, 286 S.C. 410, 414, 334 S.E.2d 116, 118 (S.C. 1985); *Ellis v. United States*, 484 F.Supp. 4, 10-11 (D.S.C. 1978).  Expert testimony is required in medical malpractice actions, except in situations where the common knowledge or experience of laymen is extensive enough for them to be able to recognize or infer negligence on the part of the doctor and also to determine the presence of the required causal link between the doctor's actions and the patient's medical problems. *Pederson v. Gould*, 288 S.C. 141, 142, 341 S.E.2d 633, 634 (S.C. 1986).

Plaintiff has failed to show the manner, if any, in which Defendants deviated from the standard of care.  Further, Plaintiff has failed to set forth any evidence, except for his own conclusory allegations, that Defendants were negligent and has neglected to establish a causal link between the alleged negligence and Plaintiff's alleged injuries.  Therefore, the Court will dismiss Plaintiff's claim under the FTCA for medical malpractice due to the alleged denial of dental care.

### B.     Claims under *Bivens*

As noted by the Magistrate Judge, Plaintiff's claims against Dr. Smith under *Bivens* are held to a standard of deliberate indifference.  Plaintiff objects to the Report's finding that there is no viable *Bivens* claim for deliberate indifference for the alleged delay in medical attention.  He argues that his four Inmate Requests describing the pain, together with a six month wait for an inspection and another four month wait for a cleaning, show a pattern of deliberate indifference. Plaintiff relies on cases such as *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995), and *Patterson v. Pearson*, 19 F.3d 439

(8th Cir. 1994), for the proposition that a delay in dental treatment is a basis for a constitutional violation. These cases, however, are distinguishable.

In *Boyd*, the plaintiff had an impacted and infected wisdom tooth which required immediate attention. *Boyd*, 47 F.3d at 969. Similarly, in *Patterson*, the plaintiff needed a tooth extracted that had become infected after the dentist filled a cavity. *Patterson*, 19F.3d at 440. In the present case, Plaintiff's dental needs were not so serious as to require immediate cleaning. Additionally, Plaintiff was prescribed treatment upon inspection, which neither plaintiff in *Boyd* nor *Patterson* received.

Additionally, as observed by the Magistrate Judge,

> The facts alleged by Plaintiff himself show that Defendant Smith has not been deliberately indifferent to Plaintiff's dental needs. Although Plaintiff would prefer to have his teeth/gums cleaned and treated at a time chosen by Plaintiff, his own Complaint and the exhibits thereto show that he has been examined and diagnosed by a BOP dental care provider, and, when required, has been provided both antibiotics and pain medications for maintenance of his condition until the non-emergency treatment he desires can be provided. Plaintiff was also told to sign up on the waiting list for the cleaning he desires, and was told what period of time the wait would take. The BOP has specifically informed Plaintiff of its dental-care regulations and of its ability to provide non-emergency dental care within the limited resources of the agency. While Plaintiff obviously desires to be placed at the top of waiting list for such care, failure of Defendant Smith or BOP officials to take such actions does not constitute medical indifference. . . . [T]he proper inquiry for indifference is whether the prison or jail provided *any* treatment, and . . . the plaintiff's agreement or disagreement with the treatment is irrelevant . . . .

(Report 6-7.) Accordingly, the Court will dismiss Plaintiff's claim under *Bivens* concerning the alleged denial of dental care.

Finally, Plaintiff objects to the recommendation that Plaintiff's *Bivens* claim for retaliatory mistreatment be dismissed for failure to exhaust administrative remedies. Plaintiff's objection is based upon his belief that this case should be considered as a conspiracy, with one ongoing incident. The Court, however, must treat Plaintiff's claim as two distinct incidents – one involving the alleged

denial of dental care and the other involving the alleged retaliatory mistreatment. Plaintiff has offered no other objection to the recommendation that Plaintiff's *Bivens* claim for retaliatory treatment be dismissed. Because Plaintiff failed to exhaust administrative remedies, the Court will dismiss Plaintiff's claim under *Bivens* for retaliatory mistreatment.

### III.    CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein to the extent that it does not contradict the terms of this Order. Therefore, it is the judgment of this Court that this case be **DISMISSED**, *without prejudice*, and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 11th day of October, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd

HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within **sixty (60)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.